**ORIGINAL**

1  THOMAS E. FRANKOVICH,
   *A Professional Law Corporation*
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff
   CRAIG YATES, an individual
6

**E-filing**

7  **UNITED STATES DISTRICT COURT**

8  **NORTHERN DISTRICT OF CALIFORNIA**

9

10  CRAIG YATES, an individual,                )   **CV 10   3932**
                                               )   Civil Rights
11       Plaintiff,                            )
                                               )
12  v.                                         )   **COMPLAINT FOR INJUNCTIVE RELIEF**
                                               )   **AND DAMAGES:**
13                                             )
    AUTO CITY 76; R.A.T. OIL, INC., a          )   **1ˢᵗ CAUSE OF ACTION:** For Denial of Access
14  California Corporation; and CANADIAN        )   by a Public Accommodation in Violation of the
    AMERICAN OIL COMPANY, a California          )   Americans with Disabilities Act of 1990 (42
15  Corporation,                               )   U.S.C. §12101, *et seq.*)
                                               )
16       Defendants.                           )   **2ⁿᵈ CAUSE OF ACTION:** For Denial of Full
                                               )   and Equal Access in Violation of California
17  _____        )   Civil Code §§54, 54.1 and 54.3

18                                                 **3ʳᵈ CAUSE OF ACTION:** For Denial of
                                                   Accessible Sanitary Facilities in Violation of
19                                                 California Health & Safety Code §19955, *et seq.*

20                                                 **4ᵗʰ CAUSE OF ACTION:** For Denial of
                                                   Access to Full and Equal Accommodations,
21                                                 Advantages, Facilities, Privileges and/or
                                                   Services in Violation of California Civil Code
22                                                 §51, *et seq.* (The Unruh Civil Rights Act)

23

24                                                 **DEMAND FOR JURY**

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1        Plaintiff CRAIG YATES, an individual, complains of defendants R.A.T. OIL, INC., a

2    California Corporation; and CANADIAN AMERICAN OIL COMPANY, a California

3    Corporation and alleges as follows:

4    **INTRODUCTION:**

5        1.    This is a civil rights action for discrimination against persons with physical

6    disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

7    for failure to remove architectural barriers structural in nature at defendants' AUTO CITY 76, a

8    place of public accommodation, thereby discriminatorily denying plaintiff and the class of other

9    similarly situated persons with physical disabilities access to, the full and equal enjoyment of,

10   opportunity to participate in, and benefit from, the goods, facilities, services, and

11   accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the

12   Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

13   51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14       2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

15   February 28, 2010, March 24, 2010, May 2, 2010, June 22, 2010, July 28, 2010, August 2, 2010

16   and August 10, 2010, was an invitee, guest, patron, customer at defendants' AUTO CITY 76, in

17   the City of San Francisco, California. At said times and place, defendants failed to provide

18   proper legal access to the service station, which is a "public accommodation" and/or a "public

19   facility" including, but not limited to pumping policy, signage, parking, men's restroom and

20   women's restroom. The denial of access was in violation of both federal and California legal

21   requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal

22   access, and was embarrassed and humiliated.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

1  **JURISDICTION AND VENUE:**

2  3.  **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

3  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

4  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6  California law, whose goals are closely tied with the ADA, including but not limited to violations

7  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8  *seq.*, including §19959; Title 24 California Building Standards Code.

9  4.  **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10  founded on the facts that the real property which is the subject of this action is located at/near

11  505 South Van Ness Avenue, in the City and County of San Francisco, State of California, and

12  that plaintiff's causes of action arose in this county.

13  **PARTIES:**

14  5.  Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

15  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

16  disabled", "physically handicapped" and "person with physical disabilities" are used

17  interchangeably, as these words have similar or identical common usage and legal meaning, but

18  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

20  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21  CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

22  and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a

23  wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that

24  portion of the public whose rights are protected by the provisions of Health & Safety Code

25  §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

26  Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

27  Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

28  §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1   6.   Defendants R.A.T. OIL, INC., a California Corporation; and CANADIAN

2   AMERICAN OIL COMPANY, a California Corporation (hereinafter alternatively collectively

3   referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the

4   owners, lessors and/or lessees, of the public accommodation known as AUTO CITY 76, located

5   at/near 505 South Van Ness Avenue, San Francisco, California, or of the building and/or

6   buildings which constitute said public accommodation.

7   7.   At all times relevant to this complaint, defendants R.A.T. OIL, INC., a California

8   Corporation; and CANADIAN AMERICAN OIL COMPANY, a California Corporation, own

9   and operate in joint venture the subject AUTO CITY 76 as a public accommodation. This

10  business is open to the general public and conducts business therein. The business is a "public

11  accommodation" or "public facility" subject to the requirements of California Civil Code §§51,

12  51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et*

13  *seq.*

14  8.   At all times relevant to this complaint, defendants R.A.T. OIL, INC., a California

15  Corporation; and CANADIAN AMERICAN OIL COMPANY, a California Corporation are

16  jointly and severally responsible to identify and remove architectural barriers at the subject

17  AUTO CITY 76 pursuant to Code of Federal Regulations title 28, section 36.201(b), which states

18  in pertinent part:

19        **§ 36.201    General**

20              (b) *Landlord and tenant responsibilities.* Both the landlord
          who owns the building that houses a place of public
21        accommodation and the tenant who owns or operates the place of
          public accommodation are public accommodations subject to the
22        requirements of this part. As between the parties, allocation of
          responsibility for complying with the obligations of this part may
23        be determined by lease or other contract.

24        28 CFR §36.201(b)

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1 **PRELIMINARY FACTUAL ALLEGATIONS:**

2      9.      The AUTO CITY, is a gas station, located at/near 505 South Van Ness Avenue,
3   San Francisco, California. The AUTO CITY 76 its pumping policy, signage, parking, men's
4   restroom and women's restroom, and its other facilities are each a "place of public
5   accommodation or facility" subject to the barrier removal requirements of the Americans with
6   Disabilities Act. On information and belief, each such facility has, since July 1, 1970, undergone
7   "alterations, structural repairs and additions," each of which has subjected the service station and
8   each of its facilities, its pumping policy, signage, parking, men's restroom and women's restroom
9   to disability access requirements per the Americans with Disabilities Act Accessibility
10  Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

11     10.     On or about February 4, 1999, defendants' and each of them purchased and/or
12  took possessory control of the premises now known as AUTO CITY 76. At all times prior
13  thereto, defendants' and each of them were aware of their obligation prior to the close of escrow,
14  or upon taking possessory interest that public accommodations had a duty to identify and remove
15  architectural barriers and were aware that gas station was not accessible to the disabled.
16  Nevertheless, defendants' and each of them, operated AUTO CITY 76 as though it was
17  accessible.

18     11.     At all times stated herein, defendants' and each of them with the knowledge that
19  each of them had a continuing obligation to identify and remove architectural barriers where it
20  was readily achievable to do so, failed to adopt a transition plan to provide better and/or
21  compliant access to the subject accommodation.

22     12.     At all times referred to herein and continuing to the present time, defendants, and
23  each of them, advertised, publicized and held out the AUTO CITY 76 as being handicapped
24  accessible and handicapped usable.

25     13.     On or about February 28, 2010, March 24, 2010, May 2, 2010, June 22, 2010, July
26  28, 2010, August 2, 2010 and August 10, 2010, plaintiff CRAIG YATES was an invitee and
27  guest at the subject AUTO CITY 76, for purposes of fueling and the purchasing of sundries.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1    14.    On or about February 28, 2010, March 24, 2010, May 2, 2010, June 22, 2010, July

2 || 28, 2010, August 2, 2010 and  August 10, 2010, plaintiff CRAIG YATES entered the gas station

3 || in his van, which was equipped with special operational controls for use by a disabled driver.

4    15.    At said times and place, plaintiff CRAIG YATES attempted to secure assistance

5 || in pumping fuel.  Plaintiff CRAIG YATES pushed the assistance button.  However, despite

6 || numerous employees being present, no one came to provide plaintiff CRAIG YATES assistance.

7    16.    At said times and place, plaintiff CRAIG YATES desired to and attempted to park

8 || so as to allow himself the opportunity to shop in the retail store of AUTO CITY 76.

9 || Plaintiff CRAIG YATES was unable to do so because there was a lack of signage for parking

10 || and a lack of parking stall(s) for the disabled.

11    17.    At said times and place, plaintiff CRAIG YATES after his March 24, 2010 visit,

12 || wrote both the landlord and tenant on April 6, 2010, concerning the pumping policy and the lack

13 || of parking.  Plaintiff CRAIG YATES did not receive a response.  When plaintiff CRAIG YATES

14 || returned to AUTO CITY 76 on May 2, 2010, no changes had been forthcoming.  Plaintiff

15 || CRAIG YATES then on May 11, 2010, wrote the landlord and tenant a follow-up letter.  Plaintiff

16 || CRAIG YATES did not receive a response to that letter.

17    18.    On or about August 2, 2010, plaintiff CRAIG YATES returned to AUTO

18 || CITY 76.  When plaintiff CRAIG YATES finished fueling, he needed to use an accessible

19 || restroom.  Plaintiff CRAIG YATES entered the 76 mini market, and plaintiff discovered that the

20 || men's and women's restrooms were on the car wash side of the building.  In order for plaintiff

21 || CRAIG YATES to access those restrooms from the mini mart, meant he would have to go down

22 || a step.  Plaintiff CRAIG YATES therefore had to go out to the north entrance around the

23 || building, on the west and back east to the restrooms.  Plaintiff CRAIG YATES had his van

24 || washed but was unable to use the restroom(s) at the car wash.  Plaintiff CRAIG YATES was also

25 || told about a restroom within the mini market, but he could not access it because of a step-up.

26    19.    At said time and place, plaintiff CRAIG YATES discovered that the men's

27 || restroom was not ADAAG compliant.  For example, the men's restroom door was narrow and

28 || restroom elements were non conforming.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    20.    On or about August 10, 2010, plaintiff CRAIG YATES returned to AUTO

2  CITY 76.  Plaintiff CRAIG YATES did not receive assistance in fueling.  Plaintiff CRAIG

3  YATES struggled to fuel his van.  Plaintiff CRAIG YATES then had his van washed and was

4  unable to access the car wash and mini mart restroom(s).

5    21.    At all times stated herein, Plaintiff CRAIG YATES requested but was denied

6  assistance in fueling at pump and card reader (point of sales terminal), which were not ADAAG

7  compliant.

8    22.    Therefore, at said times and place, plaintiff CRAIG YATES, a person with a

9  disability, encountered the following inaccessible elements of the subject AUTO CITY 76, which

10  constituted architectural barriers and a denial of the proper and legally-required access to a public

11  accommodation to persons with physical disabilities including, but not limited to:

12      a.    lack of directional signage to show accessible routes of travel, i.e., to
              restrooms;

13
        b.    lack of the requisite type and number of disabled parking stall(s);

14
        c.    lack of disabled van accessible parking stall(s);

15
        d.    lack of tow-a-way signage;

16
        e.    lack of a handicapped-accessible women's public restroom;

17
        f.    lack of a handicapped-accessible men's public restroom;

18
        g.    lack of a policy and procedure to assist the disabled in pumping fuel when
19            more than one employee was present; and

20
        h.    On personal knowledge, information and belief, other public facilities and
21            elements too numerous to list were improperly inaccessible for use by
22            persons with physical disabilities.

23    23.    At all times stated herein, the existence of architectural barriers at defendants'

24  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

25  with the Americans with Disabilities Act of 1990 either then, now or in the future.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1    24.    On or about April 6, 2010 and May 11, 2010, defendant(s) were sent four (4)
2  letters by or on behalf of plaintiff CRAIG YATES advising of their need to take immediate action
3  to remove architectural barriers and requesting a written response upon receipt of his letter,
4  promising to immediately remove the barriers and providing a date when that would be
5  accomplished. Said letters are attached hereto collectively as exhibit "A" and incorporated by
6  reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not
7  to seek or engage in an early and reasonable resolution of the matter.

8    25.    At all times stated herein, defendants, and each of them, did not act as reasonable
9  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
10  removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from
11  receiving the same goods and services as able bodied people and some of which may and did pose
12  a threat of harm and/or personal injury to people with disabilities.

13    26.    As a legal result of defendants R.A.T. OIL, INC., a California Corporation; and
14  CANADIAN AMERICAN OIL COMPANY, a California Corporation's failure to act as a
15  reasonable and prudent public accommodation in identifying, removing or creating architectural
16  barriers, policies, practices and procedures that denied access to plaintiff and other persons with
17  disabilities, plaintiff suffered the damages as alleged herein.

18    27.    As a result of the denial of equal access to defendants' facilities due to the acts and
19  omissions of defendants, and each of them, in owning, operating and maintaining these subject
20  public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
21  rights under Civil Code §§54, 54.1 and 54.3.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

28. Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

29. Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

30. Plaintiff CRAIG YATES was denied his rights to equal access to a public facility by defendants R.A.T. OIL, INC., a California Corporation; and CANADIAN AMERICAN OIL COMPANY, a California Corporation, because defendants R.A.T. OIL, INC., a California Corporation; and CANADIAN AMERICAN OIL COMPANY, a California Corporation maintained a gas station without access for persons with physical disabilities to its facilities, including but not limited to the pumping policy, signage, parking, men's restroom and women's restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiff and other persons with physical disabilities in these and other ways.

31. On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

32. Plaintiff, as described hereinbelow, seeks injunctive relief to require the AUTO CITY 76 to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the AUTO CITY 76 as a public facility.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1       33.    Plaintiff seeks damages for violation of their civil rights on February 28, 2010,

2 March 24, 2010, May 2, 2010, June 22, 2010, July 28, 2010, August 2, 2010 and

3 August 10, 2010 and seeks statutory damages of not less than $4,000, pursuant to Civil Code

4 §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the

5 trier of fact (court/jury) determines was the date that some or all remedial work should have been

6 completed under the standard that the landlord and tenant had an ongoing duty to identify and

7 remove architectural barriers where it was readily achievable to do so, which deterred plaintiff

8 CRAIG YATES from returning to the subject public accommodation because of his knowledge

9 and/or belief that neither some or all architectural barriers had been removed and that said

10 premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

11       34.    On information and belief, defendants have been negligent in their affirmative duty

12 to identify the architectural barriers complained of herein and negligent in the removal of some or

13 all of said barriers.

14       35.    Because of defendants' violations, plaintiff and other persons with physical

15 disabilities are unable to use public facilities such as those owned and operated by defendants on a

16 "full and equal" basis unless such facility is in compliance with the provisions of the Americans

17 with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

18 other accessibility law as plead herein. Plaintiff seeks an order from this court compelling

19 defendants to make the AUTO CITY 76 accessible to persons with disabilities.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

36. On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other gas stations and other public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

37. Plaintiff is informed and believes and therefore alleges that defendants R.A.T. OIL, INC., a California Corporation; and CANADIAN AMERICAN OIL COMPANY, a California Corporation, and each of them, caused the subject building(s) which constitute the AUTO CITY 76 to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the gas station and were denied full and equal use of said public facilities. Furthermore, on information and belief, defendants have continued to maintain and operate said station and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to such defendants that the configuration of the subject gas station and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff CRAIG YATES, and other members of the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

///

///

1   38. On personal knowledge, information and belief, the basis of defendants' actual and
2 constructive notice that the physical configuration of the facilities including, but not limited to,
3 architectural barriers constituting the AUTO CITY 76 and/or building(s) was in violation of the
4 civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to,
5 communications with invitees and guests, plaintiff CRAIG YATES himself, other businesses
6 notices they obtained from governmental agencies upon modification, improvement, or substantial
7 repair of the subject premises and other properties owned by these defendants, newspaper articles
8 and trade publications regarding the Americans with Disabilities Act of 1990 and other access
9 laws, public service announcements by former U.S. Attorney General Janet Reno between 1993
10 and 2000, and other similar information. Defendants' failure, under state and federal law, to make
11 the AUTO CITY 76 accessible is further evidence of defendants' conscious disregard for the
12 rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of
13 such effect on plaintiff and other persons with physical disabilities due to the lack of accessible
14 facilities, defendants, and each of them, knowingly and willfully refused to take any steps to
15 rectify the situation and to provide full and equal access for plaintiff and other persons with
16 physical disabilities to the AUTO CITY 76. Said defendants, and each of them, have continued
17 such practices, in conscious disregard for the rights of plaintiff and other persons with physical
18 disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had
19 further actual knowledge of the architectural barriers referred to herein by virtue of the demand
20 letter addressed to the defendants and served concurrently with the summons and complaint. Said
21 conduct, with knowledge of the effect it was and is having on plaintiff and other persons with
22 physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety
23 of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per
24 Civil Code §§52 and 54.3.

25   39. Plaintiff CRAIG YATES and the disability community, consisting of persons with
26 disabilities, would, could and will return to the subject public accommodation when it is made
27 accessible to persons with disabilities.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants R.A.T. OIL, INC., a California Corporation; and CANADIAN AMERICAN OIL COMPANY, a California Corporation, inclusive)
(42 U.S.C. §12101, *et seq.*)

40.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 39 of this complaint.

41.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

42.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    43.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

2  (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

3  Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

4  accommodations identified for purposes of this title was:

5           (7)    PUBLIC ACCOMMODATION - The following private
                   entities are considered public accommodations for purposes of this
6                  title, if the operations of such entities affect commerce -

7                          ---

                           (F) a laundromat, dry-cleaner, bank, barber shop, beauty
8                  parlor, travel service, shoe repair service, funeral parlor, gas station,
                   office of an accountant or lawyer, pharmacy, insurance office,
9                  professional office of a health care provider, hospital or other
                   service establishment.
10
                   42 U.S.C. §12181(7)(F)
11

12    44.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against

13  on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

14  privileges, advantages, or accommodations of any place of public accommodation by any person

15  who owns, leases, or leases to, or operates a place of public accommodation."

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1      45.     The specific prohibitions against discrimination set forth in §302(b)(2)(a),

2    42 U.S.C. §12182(b)(2)(a) are:

3              (I)     the imposition or application of eligibility criteria
       that screen out or tend to screen out an individual with a disability
4      or any class of individuals with disabilities from fully and equally
       enjoying any goods, services, facilities, privileges, advantages, or
5      accommodations, unless such criteria can be shown to be necessary
       for the provision of the goods, services, facilities, privileges,
6      advantages, or accommodations being offered;

7              (ii)    a failure to make reasonable modifications in
       policies, practices, or procedures, when such modifications are
8      necessary to afford such goods, services, facilities, privileges,
       advantages or accommodations to individuals with disabilities,
9      unless the entity can demonstrate that making such modifications
       would fundamentally alter the nature of such goods, services,
10     facilities, privileges, advantages, or accommodations;

11             (iii)   a failure to take such steps as may be necessary to
       ensure that no individual with a disability is excluded, denied
12     services, segregated or otherwise treated differently than other
       individuals because of the absence of auxiliary aids and services,
13     unless the entity can demonstrate that taking such steps would
       fundamentally alter the nature of the good, service, facility,
14     privilege, advantage, or accommodation being offered or would
       result in an undue burden;
15
               (iv)    a failure to remove architectural barriers, and
16     communication barriers that are structural in nature, in existing
       facilities . . . where such removal is readily achievable; and
17
               (v)     where an entity can demonstrate that the removal of
18     a barrier under clause (iv) is not readily achievable, a failure to
       make such goods, services, facilities, privileges, advantages or
19     accommodations available through alternative methods if such
       methods are readily achievable.
20

21   The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public

22   Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective

23   January 31, 1993, the standards of the ADA were also incorporated into California Civil Code

24   §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15

46. The removal of the barriers complained of by plaintiff as hereinabove alleged were at all times after January 26, 1992 "readily achievable" as to the subject building(s) of AUTO CITY 76 pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

47. Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

48. On information and belief, construction work on, and modifications of, the subject building(s) of AUTO CITY 76 occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

49. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiff is about to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1  50.  42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

2  disability to engage in a futile gesture if such person has actual notice that a person or

3  organization covered by this title does not intend to comply with its provisions." Pursuant to this

4  section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

5  August 10, 2010, but on information and belief, alleges that defendants have continued to violate

6  the law and deny the rights of plaintiff and of other persons with physical disabilities to access this

7  public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

8  §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

9  facilities readily accessible to and usable by individuals with disabilities to the extent required by

10  this title."

11  51.  Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

12  Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

13  the Americans with Disabilities Act of 1990, including but not limited to an order granting

14  injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

15  deemed to be the prevailing party.

16  **II.  SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS**
**IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

17  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants R.A.T.
OIL, INC., a California Corporation; and CANADIAN AMERICAN OIL COMPANY, a

18  California Corporation, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

19

20  52.  Plaintiff repleads and incorporates by reference as if fully set forth again herein, the

allegations contained in paragraphs 1 through 51 of this complaint.

21

22  53.  At all times relevant to this action, California Civil Code §54 has provided that

persons with physical disabilities are not to be discriminated against because of physical handicap

23
or disability. This section provides that:

24
(a) Individuals with disabilities . . . have the same rights as

25  the general public to full and free use of the streets, highways,
sidewalks, walkways, public buildings, medical facilities, including

26  hospitals, clinics, and physicians' offices, and other public places.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

17

1    54.    California Civil Code §54.1 provides that persons with disabilities shall not be

2  denied full and equal access to places of public accommodation or facilities:

3                      (a)(1) Individuals with disabilities shall be entitled to full
                and equal access, as other members of the general public, to
4                accommodations, advantages, facilities, medical facilities, including
                hospitals, clinics, and physicians' offices, and privileges of all
5                common carriers, airplanes, motor vehicles, railroad trains,
                motorbuses, streetcars, boats, or any other public conveyances or
6                modes of transportation (whether private, public, franchised,
                licensed, contracted, or otherwise provided), telephone facilities,
7                adoption agencies, private schools, hotels, lodging places, places of
                public accommodation, amusement or resort, and other places to
8                which the general public is invited, subject only to the conditions
                and limitations established by law, or state or federal regulation, and
9                applicable alike to all persons.

10            Civil Code §54.1(a)(1)

11    55.    California Civil Code §54.1 further provides that a violation of the Americans with

12  Disabilities Act of 1990 constitutes a violation of section 54.1:

13                    (d) A violation of the right of an individual under the
                Americans with Disabilities Act of 1990 (Public Law 101-336) also
14                constitutes a violation of this section, and nothing in this section
                shall be construed to limit the access of any person in violation of
15                that act.

16            Civil Code §54.1(d)

17    56.    Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1

18  whose rights have been infringed upon and violated by the defendants, and each of them, as

19  prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants

20  knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil

21  Code §§54 and 54.1.  Plaintiff has been and continue to be denied full and equal access to

22  defendants' AUTO CITY 76.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1 As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in

2 accordance with California Civil Code §54.3(a) for each day on which he visited or have been

3 deterred from visiting the gas station because of his knowledge and belief that the AUTO CITY

4 76 is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 is
> liable for each offense for the actual damages and any amount as
> may be determined by a jury, or the court sitting without a jury, up
> to a maximum of three times the amount of actual damages but in
> no case less than . . .one thousand dollars ($1,000) and . . .
> attorney's fees as may be determined by the court in addition
> thereto, suffered by any person denied any of the rights provided in
> Sections 54, 54.1 and 54.2.

11          Civil Code §54.3(a)

12          57.     On or about February 28, 2010, March 24, 2010, May 2, 2010, June 22, 2010, July

13 28, 2010, August 2, 2010 and August 10, 2010, plaintiff CRAIG YATES suffered violations of

14 Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to pumping policy,

15 signage, parking, men's restroom and women's restroom and other public facilities as stated

16 herein at the AUTO CITY 76 and on the basis that plaintiff CRAIG YATES was a person with

17 physical disabilities.

18          58.     As a result of the denial of equal access to defendants' facilities due to the acts and

19 omissions of defendants, and each of them, in owning, operating and maintaining these subject

20 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

21 rights under Civil Code §§54, 54.1 and 54.3.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

59. Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a person or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

60. Plaintiff has been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights as a person or an entity that represents persons with physical disabilities on or about February 28, 2010, March 24, 2010, May 2, 2010, June 22, 2010, July 28, 2010, August 2, 2010 and August 10, 2010, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

61. As a result of defendants', and each of their, acts and omissions in this regard, plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

20

1   **III. THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
      **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

2       (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants R.A.T.
      OIL, INC., a California Corporation; and CANADIAN AMERICAN OIL COMPANY, a

3       California Corporation, inclusive)
      (Health & Safety Code §19955, *et seq.*)

4

      62.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

5

the allegations contained in paragraphs 1 through 61 of this complaint.

6

      63.   Health & Safety Code §19955 provides in pertinent part:

7

8         The purpose of this part is to insure that public accommodations or
        facilities constructed in this state with private funds adhere to the
        provisions of Chapter 7 (commencing with Sec. 4450) of Division 5

9         of Title 1 of the Government Code. For the purposes of this part
        "public accommodation or facilities" means a building, structure,

10      facility, complex, or improved area which is used by the general
        public and shall include auditoriums, hospitals, theaters, restaurants,

11      hotels, motels, stadiums, and convention centers. When sanitary
        facilities are made available for the public, clients or employees in

12      such accommodations or facilities, they shall be made available for
        the handicapped.

13

14       64.   Health & Safety Code §19956, which appears in the same chapter as §19955,

15 provides in pertinent part, "accommodations constructed in this state shall conform to the

16 provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

17 Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

18 public accommodations constructed or altered after that date. On information and belief, portions

19 of the AUTO CITY 76 and/or of the building(s) were constructed and/or altered after July 1, 1970,

20 and substantial portions of the subject gas station and/or the building(s) had alterations, structural

21 repairs, and/or additions made to such public accommodations after July 1, 1970, thereby

22 requiring said station and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*,

23 of the Health & Safety Code upon such alteration, structural repairs or additions per Health &

24 Safety Code §19959.

25 ///

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1        65.      Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

2 Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

3 1982, Title 24 of the California Building Standards Code adopted the California State Architect's

4 Regulations and these regulations must be complied with as to any alterations and/or

5 modifications of AUTO CITY 76 and/or the building(s) occurring after that date. Construction

6 changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant

7 to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

8 On information and belief, at the time of the construction and modification of said building, all

9 buildings and facilities covered were required to conform to each of the standards and

10 specifications described in the American Standards Association Specifications and/or those

11 contained in Title 24 of the California Building Standards Code.

12        66.      Gas Stations such as the AUTO CITY 76 are "public accommodations or facilities"

13 within the meaning of Health & Safety Code §19955, *et seq*.

14        67.      As a result of the actions and failure to act of defendants, and as a result of the

15 failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied

16 plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil

17 rights and plaintiff's rights as a person with physical disabilities to full and equal access to public

18 facilities.

19        68.      Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

20 plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's

21 civil rights and enforce provisions of the law protecting access for the persons with physical

22 disabilities and prohibiting discrimination against the persons with physical disabilities, and to

23 take such action both in plaintiff's own interests and in order to enforce an important right

24 affecting the public interest. Plaintiff, therefore, seeks in this lawsuit the recovery of all

25 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

26 §1021.5. Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

27 and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and

28 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2      69.    Plaintiff seeks injunctive relief for an order compelling defendants, and each of

3  them, to make the subject place of public accommodation readily accessible to and usable by

4  persons with disabilities.

5  **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND**

    **EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

6      **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET***

    ***SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

7      (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants R.A.T.

    OIL, INC., a California Corporation; and CANADIAN AMERICAN OIL COMPANY, a

8      California Corporation, inclusive)

    (Civil Code §51, 51.5)

9

10     70.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 69 of this complaint.

11

12     71.    Defendants' actions and omissions and failure to act as a reasonable and prudent

public accommodation in identifying, removing and/or creating architectural barriers, policies,

13

practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

14

Unruh Act provides:

15

        This section shall be known, and may be cited, as the Unruh

16         Civil Rights Act.

17         All persons within the jurisdiction of this state are free and

        equal, and no matter what their sex, race, color, religion, ancestry,

18         national origin, or **disability** are entitled to the full and equal

        accommodations, advantages, facilities, privileges, or services in all

19         business establishments of every kind whatsoever.

20         This section shall not be construed to confer any right or

        privilege on a person that is conditioned or limited by law or that is

21         applicable alike to persons of every sex, color, race, religion,

        ancestry, national origin, or **disability.**

22

        Nothing in this section shall be construed to require any

23         construction, alteration, repair, structural or otherwise, or

        modification of any sort whatsoever, beyond that construction,

24         alteration, repair, or modification that is otherwise required by other

        provisions of law, to any new or existing establishment, facility,

25         building, improvement, or any other structure . . . nor shall anything

        in this section be construed to augment, restrict, or alter in any way

26         the authority of the State Architect to require construction,

        alteration, repair, or modifications that the State Architect otherwise

27         possesses pursuant to other . . . laws.

28 ///

1       A violation of the right of any individual under the
        Americans with Disabilities Act of 1990 (Public Law 101-336) shall
2       also constitute a violation of this section.

3   As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

4   "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

5   failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

6   failing to act to identify and remove barriers can be construed as a "negligent per se" act of

7   defendants, and each of them.

8       72.     The acts and omissions of defendants stated herein are discriminatory in nature and

9   in violation of Civil Code §51.5:

10      No business establishment of any kind whatsoever shall
        discriminate against, boycott or blacklist, refuse to buy from, sell to,
11      or trade with any person in this state because of the race, creed,
        religion, color, national origin, sex, or **disability** of the person or of
12      the person's partners, members, stockholders, directors, officers,
        managers, superintendents, agents, employees, business associates,
13      suppliers, or customers.

14      As used in this section, "person" includes any person, firm
        association, organization, partnership, business trust, corporation,
15      limited liability company, or company.

16      Nothing in this section shall be construed to require any
        construction, alteration, repair, structural or otherwise, or
17      modification of any sort whatsoever, beyond that construction,
        alteration, repair or modification that is otherwise required by other
18      provisions of law, to any new or existing establishment, facility,
        building, improvement, or any other structure . . . nor shall anything
19      in this section be construed to augment, restrict or alter in any way
        the authority of the State Architect to require construction,
20      alteration, repair, or modifications that the State Architect otherwise
        possesses pursuant to other laws.

21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1    73. Defendants' acts and omissions as specified have denied to the plaintiff full and
2 equal accommodations, advantages, facilities, privileges and services in a business establishment,
3 on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil
4 Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A
5 violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public
6 Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates
7 the entirety of his above cause of action for violation of the Americans with Disabilities Act at
8 §40, *et seq.*, as if repled herein.

9    74. As a result of the denial of equal access to defendants' facilities due to the acts and
10 omissions of defendants, and each of them, in owning, operating and maintaining these subject
11 public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to
12 rights under Civil Code §§54, 54.1 and 54.3.

13    75. Further, plaintiff CRAIG YATES suffered mental distress, mental
14 suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
15 disappointment and worry, all of which are expectedly and naturally associated with a denial of
16 access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
17 Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
18 basis that plaintiff is a person or an entity that represents persons with physical disabilities and
19 unable, because of the architectural barriers created and maintained by the defendants in violation
20 of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
21 other persons.

22    76. Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)
23 of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to
24 mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is
25 allowed by statute, according to proof if deemed to be the prevailing party.

26 ///

27 ///

28 ///

1 **PRAYER:**

2     Plaintiff prays that this court award damages and provide relief as follows:

3 **I.**     **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4     **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants R.A.T.
5     OIL, INC., a California Corporation; and CANADIAN AMERICAN OIL COMPANY, a California Corporation, inclusive)
6     (42 U.S.C. §12101, *et seq.*)

7     1.     For injunctive relief, compelling defendants R.A.T. OIL, INC., a California

8 Corporation; and CANADIAN AMERICAN OIL COMPANY, a California Corporation,

9 inclusive, to make the AUTO CITY 76, located at 505 South Van Ness Avenue, San Francisco,

10 California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181,

11 *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and

12 procedures so as to afford full access to the goods, services, facilities, privileges, advantages and

13 accommodations being offered.

14     2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

15 prevailing party; and

16     3.     For such other and further relief as the court may deem proper.

17 **II.**     **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
18     **AND 54.3, *ET SEO.***
    (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants R.A.T.
19     OIL, INC., a California Corporation; and CANADIAN AMERICAN OIL COMPANY, a California Corporation, inclusive)
20     (California Civil Code §§54, 54.1, 54.3, *et seq.*)

21     1.     For injunctive relief, compelling defendants R.A.T. OIL, INC., a California

22 Corporation; and CANADIAN AMERICAN OIL COMPANY, a California Corporation,

23 inclusive, to make the AUTO CITY 76, located at 505 South Van Ness Avenue, San Francisco,

24 California, readily accessible to and usable by individuals with disabilities, per state law.

25     2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

26 each occasion on which plaintiff was deterred from returning to the subject public

27 accommodation.

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2   if plaintiffs are deemed the prevailing party;

3      4.      Treble damages pursuant to Civil Code §54.3;

4      5.      General damages according to proof;

5      6.      For all costs of suit;

6      7.      Prejudgment interest pursuant to Civil Code §3291; and

7      8.      Such other and further relief as the court may deem just and proper.

8   **III.      PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
            SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
9           §19955, *ET. SEO.***
            (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants R.A.T.
10          OIL, INC., a California Corporation; and CANADIAN AMERICAN OIL COMPANY, a
            California Corporation, inclusive)
11          (Health & Safety code §19955, *et seq.*)

12     1.      For injunctive relief, compelling defendants R.A.T. OIL, INC., a California

13  Corporation; and CANADIAN AMERICAN OIL COMPANY, a California Corporation,

14  inclusive, to make the AUTO CITY 76, located at 505 South Van Ness Avenue, San Francisco,

15  California, readily accessible to and usable by individuals with disabilities, per state law.

16     2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

17  alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

18     3.      For all costs of suit;

19     4.      For prejudgment interest pursuant to Civil Code §3291;

20     5.      Such other and further relief as the court may deem just and proper.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **IV.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
2  **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
   **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
   **CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
3  (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants R.A.T.
   OIL, INC., a California Corporation; and CANADIAN AMERICAN OIL COMPANY, a
4  California Corporation, inclusive)
   (California Civil Code §§51, 51.5, *et seq.*)
5

6          1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and

7  for each occasion on which plaintiff was deterred from returning to the subject public

8  accommodation;

9          2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing

10  party;

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28

1  3.  General damages according to proof;

2  4.  Treble damages pursuant to Civil Code §52(a);

3  5.  For all costs of suit;

4  6.  Prejudgment interest pursuant to Civil Code §3291; and

5  7.  Such other and further relief as the court may deem just and proper.

6

7  Dated: _____ 8/27/10 _____, 2010        THOMAS E. FRANKOVICH,
                                           *A PROFESSIONAL LAW CORPORATION*

8

9

10                              By:

11                                         THOMAS E. FRANKOVICH
                                           Attorneys for Plaintiff CRAIG YATES, an individual

12                              **DEMAND FOR JURY TRIAL**

13  Plaintiff hereby demands a jury for all claims for which a jury is permitted.

14

15  Dated: _____ 8/27/10 _____, 2010        THOMAS E. FRANKOVICH,
                                           *A PROFESSIONAL LAW CORPORATION*

16

17

18                              By:

19                                         THOMAS E. FRANKOVICH
                                           Attorneys for Plaintiff CRAIG YATES, an individual

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Exhibit A

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

April 6, 2010

Manager
Auto City 76
505 S. Van Ness Avenue
San Francisco, CA 94110

Dear Manager of Auto City 76:

Recently, I visited Auto City 76. As I use a wheelchair, I had problems with not getting any assistance in pumping gas even though there were quite a few employees there. Then where I wanted to park, there were no handicapped parking spaces.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. Certainly by now employees could have been trained, that assistance is required by law where there is more than one employee. The Auto City 76 is certainly more than 20 years old, right? Couldn't a disabled parking stall and signage been put in by now? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this, would you forward my letter to whomever is in charge. I am frequently in the area so don't be surprised to see me pull in. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them. Remember, one of your biggest problems is not assisting in the fueling process. Maybe, you need signs for your employees.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it. Then again, doing what you need to do would be of little cost. Maybe painting the stall and signs would cost $3,000.00, maybe not worth the credit, right?

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. Getting assistance in fueling is really big with many of us. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

April 6, 2010

Owner of the Building
Auto City 76
505 S. Van Ness Avenue
San Francisco, CA 94110

Dear Owner of Building for Auto City 76:

Recently, I visited Auto City 76. As I use a wheelchair, I had problems with not getting any assistance in pumping gas even though there were quite a few employees there. Then where I wanted to park, there were no handicapped parking spaces.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. Certainly by now employees could have been trained, that assistance is required by law where there is more than one employee. The Auto City 76 is certainly more than 20 years old, right? Couldn't a disabled parking stall and signage been put in by now? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this, would you forward my letter to whomever is in charge. I am frequently in the area so don't be surprised to see me pull in. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them. Remember, one of your biggest problems is not assisting in the fueling process. Maybe, you need signs for your employees.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it. Then again, doing what you need to do would be of little cost. Maybe painting the stall and signs would cost $3,000.00, maybe not worth the credit, right?

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. Getting assistance in fueling is really big with many of us. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

May 11, 2010

Manager
Auto City 76
505 S. Van Ness Avenue
San Francisco, CA 94110

Dear Manager of Auto City 76:

Hello, remember me? I'm Craig Yates. I use a wheelchair. I wrote you about access issues that make it easier for wheelchair users to patronize places like yours. I wrote you on April 6, 2010, but I haven't heard from you. Would you please write me back when you get this letter and tell me what you'll do or whatever can be done. Thank you!

Sincerely,

Craig Yates

Craig Thomas Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

May 11, 2010

Owner of the Building
Auto City 76
505 S. Van Ness Avenue
San Francisco, CA 94110

Dear Owner of the Building for Auto City 76:

Hello, remember me? I'm Craig Yates. I use a wheelchair. I wrote you about access issues that make it easier for wheelchair users to patronize places like yours. I wrote you on April 6, 2010, but I haven't heard from you. Would you please write me back when you get this letter and tell me what you'll do or whatever can be done. Thank you!

Sincerely,

Craig Yates