United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CRAIG YATES,

        Plaintiff,

    v.

AUTO CITY 76, *et al.*,

        Defendants.
_____/

No. C-10-3932 EMC

**ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

**(Docket No. 86)**

    Plaintiff Craig Yates has filed suit against Defendants Auto City 76; R.A.T. Oil, Inc.; and Canadian American Oil Co., asserting claims for disability discrimination. More specifically, Mr. Yates claims that Defendants discriminated against persons with disabilities by failing to remove several architectural barriers to access at Auto City 76, a combined gas station, car wash, and mini-mart. Currently pending before the Court is Defendants' Motion for Partial Summary Judgment that Mr. Yates failed to reasonably mitigate his damages where he returned to Auto City 76 on more than 16 occasions between February 2010 and present. Docket No. 86.

    Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** Defendants' motion.[1]

///

///

///

---

[1] Counsel for Mr. Yates (once again) failed to appear at the hearing. *See* Docket No. 65 n.1.

## I.   **FACTUAL & PROCEDURAL BACKGROUND**

Mr. Yates is a disabled individual who requires the use of a wheelchair to travel about in public.  *See* FAC. ¶ 5 (Docket No. 66).[2]  Between February 2010 and the present, Mr. Yates visited Auto City 76 on at least 22 occasions for the purposes of fueling his vehicle and obtaining a car wash.  *See* FAC ¶ 2; Yates Depo. at 145:24-147:25 (Docket No. 88).  Mr. Yates testified that he patronized Auto City 76 because the "fuel price was excellent," the car wash was "good," and the fuel price was further discounted when he purchased both fuel and a car wash together during the same transaction.  Yates Depo. at 144:1-4, 146:17-21, 147:22-25.  Auto City 76 is located at 505 South Van Ness Avenue in San Francisco, California.  FAC ¶ 4.  Mr. Yates lives in San Rafael, California.  *See* FAC Exs. A & B; Yates Depo. at 147:19-25.

Mr. Yates claims that on at least 17 of his visits to Auto City 76, he encountered various architectural barriers that prevented him from using the public accommodation.[3]  Those barriers included poor or improper signage, lack of a disabled van accessible parking stall, lack of a policy or procedure to assist the disabled in pumping fuel, inaccessible or otherwise inadequate restrooms, and a service counter that was too high for Mr. Yates to easily pay for his fuel or car wash.  *See, e.g.*, FAC ¶¶ 16-17, 19, 22-24.

Mr. Yates filed suit against Defendants on September 1, 2010.  Docket No. 1.  Mr. Yates' complaint alleged violations of: (1) the Americans with Disabilities Act (ADA);[4] (2) the California Disabled Persons Act;[5] (3) the Unruh Civil Rights Act;[6] and (4) California Health and Safety Code § 19955, *et seq. Id.*  On September 25, 2013, Mr. Yates filed a Motion for Leave to File A First

---

[2]  Because the majority of facts relevant to this very narrow summary judgment motion are undisputed, and because the Court reviews the facts and inferences in the light most favorable to the non-moving party, here Plaintiff, the Court will cite to the allegations of Mr. Yates's First Amended Complaint (FAC) as established fact where appropriate.

[3]  Mr. Yates admits that he did not encounter any architectural barriers on his five other visits to Auto City 76.  *See, e.g.*, FAC ¶¶ 25, 28.

[4]  Codified at 42 U.S.C. § 12101, *et seq.*

[5]  Codified at Cal. Civ. Code § 54, *et seq.*

[6]  Codified at Cal. Civ. Code § 51, *et seq.*

2

1 Amended Complaint. Docket No. 59. Mr. Yates' amended complaint pleaded the same four causes
2 of action as in his original complaint, but added allegations about visits to Auto City 76 that
3 occurred after the filing of his original complaint, and also added allegations about additional access
4 barriers that he allegedly encountered on those later visits. *Id.* This Court granted Mr. Yates'
5 motion on November 7, 2013. Docket No. 65. Mr. Yates' amended (and operative) complaint was
6 filed on November 12, 2013. Docket No. 66.

7 On November 18, 2013, the parties alerted the Court that they had settled all of Mr. Yates'
8 claims for equitable or injunctive relief raised in the First Amended Complaint, Docket. No. 67, and
9 the Court agreed to enter the parties' joint stipulation dismissing those claims with prejudice.
10 Docket No. 71. Consequently, only Mr. Yates' claims for statutory damages under California law
11 remain at issue in this litigation.[7] *See Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165,
12 1174 (9th Cir. 2010) ("Injunctive relief is the sole remedy available to private parties under the
13 [Americans with] Disabilities Act; it does not authorize a claim for money damages.").

14 Defendants filed a targeted motion for partial summary judgment on September 14, 2014.
15 Docket No. 86. Specifically, Defendants argue that Mr. Yates' recoverable damages should be
16 limited as a matter of law because Mr. Yates failed to reasonably mitigate his losses where he
17 repeatedly continued to patronize Auto City 76 in spite of his knowledge of numerous barriers to
18 access at that location. *Id.*

### II. DISCUSSION

A. Legal Standard

21 Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be rendered on
22 a claim or defense, or part of a claim or defense, "if the movant shows that there is no genuine
23 dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[7] Because there is no longer a Federal claim presented in this litigation, and because the parties in this action are not diverse, this Court could dismiss this case for lack of subject-matter jurisdiction. Although no party has raised this potential jurisdiction defect, the Court will retain supplemental jurisdiction over this case because it would best serve judicial economy and overall fairness, particularly where, as here, this case has been pending in this Court since 2010. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) (holding that a district court may choose to exercise supplemental jurisdiction where "judicial economy, convenience and fairness to litigants" so requires).

Civ. P. 56(a). The moving party possesses the initial burden of showing the absence of a genuine issue of fact. *See Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 668 (9th Cir.1980). An issue of fact is genuine only if there is sufficient evidence for a reasonable jury to find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). "The mere existence of a scintilla of evidence ... will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252. At the summary judgment stage, evidence must be viewed in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in the nonmovant's favor. *See Cameron v. Craig*, 713 F.3d 1012, 1015 (9th Cir. 2013).

B.  Defendants' Motion for Summary Judgment

Defendants move for partial summary judgment on their affirmative defense that Mr. Yates failed to mitigate his damages. Because the alleged violations occurred after 2010, the provisions of the Construction Related Accessibility Standards Compliance Act (CRAS) apply. Cal. Civ. Code §§ 55.51-55.57; *see Yates v. Bacco*, No. 11-cv-01573 DMR, 2014 WL 1089101, at *14 (N.D. Cal. Mar. 17, 2014);.

The California Legislature passed CRAS "to improve disability access laws while protecting businesses from abusive access litigation." *Bacco*, 2014 WL 1089101 at *14 (citations omitted). One way CRAS is designed to protect businesses from "abusive access litigation" is by emphasizing the requirement that plaintiffs mitigate their damages. *See Yates v. Vishal Corp.*, No. 11-cv-643 JCS, 2013 WL 6073516, at *7 (N.D. Cal. Nov. 11, 2013); *Ramirez v. Sam's for Play Café*, No. 11-cv-1370 MEJ, 2013 WL 4428858, at *8 (N.D. Cal. Aug. 15, 2013); *see also Steelduct Co. v. Henger-Seltzer Co.*, 26 Cal.2d 634, 639 (1945) (stating the general rule in California that a plaintiff "cannot recover for loss which by reasonable means it could have avoided"); 2 Cal. Affirmative Def. § 36:1 (2d ed. 2014) (collecting cases). Specifically, California Civil Code Section 55.56(g) provides that it "does not alter . . . any legal obligation of a party to mitigate damages." And Civil Code Section 55.56(h) provides that "in assessing liability . . . the court shall consider the reasonableness of the plaintiff's conduct in light of the plaintiff's obligation, if any, to mitigate damages."

The Legislative Comments to Section 55.56 indicate that the key inquiry regarding mitigation of damages is whether a plaintiff has a "***reasonable explanation*** for the repeated conduct."[8]  Section 25 of Stats. 2012, c. 383 (S.B. 1186) (emphasis added).  Specifically, a plaintiff "must have a reasonable explanation for the asserted need for multiple visits to a site where a known barrier violation would deny full and equal access, in light of the obligation to mitigate damages." *Id.*  Courts in this District have consistently acknowledged this principle, holding that disabled plaintiffs who encounter architectural barriers to access may fail to meet their duty to mitigate where they "make multiple visits to the same facility before they could reasonably expect that the barrier was corrected . . . ." *Bacco*, 2014 WL 1089101 at *15; *Vishal Corp.*, 2013 WL 6073516 at *4; *Ramirez*, 2013 WL 4428858 at *8; *see also Johnson v. Wayside Property*, *Inc.*, -- F.Supp. 2d. --, 2014 WL 4276164 at *7 (E.D. Cal. Aug. 29, 2014).

Defendants' summary judgment motion is entirely premised on the argument that Mr. Yates failed to mitigate his damages by repeatedly returning to Auto City 76 despite his intimate knowledge of the access barriers he would face there.  *See* Docket No. 86 at 6-8.  Defendants ask this Court to limit Mr. Yates' damages to "a single visit with a single violation, or at the very least," to those visits to Auto City 76 that took place on or before February 9, 2012.[9]  Mr. Yates counters that he did not fail to mitigate damages because he has a "reasonable explanation" for his return visits to Auto City 76, namely "the availability of reasonably priced, inexpensive gasoline" and a good car wash.  Docket No. 89 at 3.  Mr. Yates notes that "[g]iven the rise in gasoline prices over the past decade or more, it is not uncommon for consumers to go out of their way and to suffer a degree of personal inconvenience in order to purchase gasoline for a reduced price. . . That Plaintiff

---

[8] Mr. Yates objects to the contents of, and attachments to, a declaration filed in support of Defendants' summary judgment motion.  *See* Docket No. 89-1.  Because the Court has not relied on the challenged portions of the declaration, or its disputed attachment, the Court declines to rule on Mr. Yates' objections.  The Court notes that the Legislative Comments to Section 55.56 are publically available.

[9] Defendants claim that Mr. Yates admitted that the sole purpose of his visits to Auto City 76 occurring after February 9, 2012, was to determine whether Defendants had remedied the access barriers Mr. Yates identified to them.  Docket No. 86 at 4.  Defendants are mistaken.  Mr. Yates testified that he continued to patronize Auto City 76 both to see what changes Defendants had made to increase disabled access, and to purchase gas and a car wash for a reasonable price.  *See* Yates Depo. at 153:16-24.

would return to Auto City 76 to purchase inexpensive gasoline despite the presence of certain barriers to access is not unreasonable under the circumstances." *Id.* at 3-4. Mr. Yates also notes that his later visits were "also motivated by his desire to see whether progress was been [sic] made on the removal of barriers at the service station." *Id.* at 3; *see also* Yates Depo. at 153:16-24.

Courts in California have often found that the issue of whether a disabled plaintiff reasonably mitigated his damages under Section 55.56 is a question of fact for the jury to decide. *See, e.g.*, *Ramirez*, 2013 WL 4428858 at * 8-9 (denying defendant's motion for summary judgment, and holding that there was an issue of fact as to whether plaintiffs mitigated their damages when they visited defendant's business "three times within 30 days"); *Vishal Corp.*, 2013 WL 6073516 at *5-6 (finding there was an issue of fact regarding mitigation where Plaintiff visited same hotel on two occasions and concluding, after a bench trial, that plaintiff's repeat visits to defendant's hotel were reasonable). *Johnson v. Wayside Property* provides a typical example. There, the plaintiff made two visits to the defendants' store to purchase items for a building project. *Johnson*, 2014 WL 4276164 at *1. On both occasions, the plaintiff encountered the same three barriers to access. *Id.* at *3-4. Plaintiff moved for summary judgment, and the Court found for the plaintiff on the issue of liability. *Id.* Nevertheless, the district court refused to grant summary judgment regarding Plaintiff's damages under California law because it felt that the jury should "'consider the reasonableness of the plaintiff's conduct in light of the plaintiff's obligation, if any, to mitigate damages.'" *Id.* at *7 (quoting Cal. Civ. Code § 55.56(h)). The court noted that the plaintiff's second visit to the defendants' store occurred just 14 days after he first encountered several access barriers. Under those circumstances, the court concluded that "[u]ntil the trier of fact is permitted to determine whether plaintiff attempted to mitigate his damages, it is premature for the court to award multiple statutory damages at this juncture." *Id.*

The cases holding that mitigation under Section 55.56 is typically a question of fact for the jury to decide have two common elements that distinguish them from the case at bar. First, these cases typically involve a relatively small number of repeat visits to the place of public accommodation. *See Ramirez*, 2013 WL 4428858 at *8 (three repeat visits); *Vishal Corp.*, 2013 WL 6073516 at *5-6 (two repeat visits); *Johnson*, 2014 WL 4276164 at *1 (one repeat visit); *Bacco*,

6

1  2014 WL 1089101 at *15 (three repeat visits). And second, the plaintiffs' "reasonable explanations"
2  for their return visits were at least facially plausible. For instance in *Yates v. Vishal Corp.*, the
3  plaintiff (who is also the Plaintiff here) needed to travel to Clear Lake, California, to take care of a
4  sick family member. 2013 WL 6073516 at *1. "The length of the drive and the narrow, curvy roads
5  along the way made driving conditions difficult at night." *Id.* Rather than drive home at night, the
6  plaintiff preferred to stay at one of the two reasonably priced hotels in the Clear Lake area. *Id.* The
7  first time plaintiff stayed at defendant's hotel, he encountered access violations in the hotel lobby.
8  *Id.* at *2. He was unable to stay at the hotel overnight, however, because the only wheelchair
9  accessible room at the hotel was already reserved. *Id.* The plaintiff then returned to the hotel a few
10 weeks later, and once again requested a wheelchair accessible room. *Id.* He encountered the same
11 access violations in the lobby. *Id.* But on this second visit, the hotel's wheelchair accessible room
12 was available. *Id.* Plaintiff was given the room, which also contained numerous architectural
13 barriers. *Id.* The trier of fact ultimately concluded that the plaintiff's return visit had a reasonable
14 explanation, and therefore found that the plaintiff met his burden to mitigate damages. Specifically,
15 Magistrate Judge Spero concluded, after a bench trial, that:

> "Yates had reason to believe that he would be able to stay in the accessible room if he returned later. . . Additionally, Yates has explained that he was looking for a hotel to stay in again because he visited his aunt in Clearwater [sic] approximately once per week, and that he did not like to drive the four hours to get home at night. Yates further states that he was not able to stay in the only other reasonably priced hotel in Clearwater [sic]."

20 2013 WL 6073516 at *6.

21  By contrast here, Mr. Yates' proffered explanation for his numerous repeat visits to Auto
22 City 76 is a "reasonable explanation" as a matter of law. This Court accepts as true (as it must) that
23 Mr. Yates chose to return to Auto City 76 because the "fuel price was excellent," the car wash was
24 "good," and the fuel price was further discounted when he purchased both fuel and a car wash
25 together during the same transaction. Yates Depo. at 144:1-4, 146:17-21, 147:22-25. Nevertheless,
26 it is quite plain that Mr. Yates failed to reasonably mitigate his damages where he returned to Auto
27 City 76 at least 16 times after his initial visit despite his awareness of numerous architectural
28 barriers to access. Notably, Mr. Yates lives in San Rafael, California, a city located approximately

twenty miles from Auto City 76.[10] To get to San Francisco from San Rafael by car, one must typically cross the Golden Gate Bridge, and pay a bridge toll of between 5 and 7 dollars round trip.[11] Mr. Yates has not offered any evidence that the savings in gas and car wash prices at Auto City 76 was not obtainable at any closer facility or that the savings outweighed the cost and time of travel to Auto City 76. Although Mr. Yates testified that he frequently traveled into San Francisco to visit attractions such as Golden Gate Park or the DeYoung Museum, Yates Depo. at 145:7-17, the Court takes judicial notice of the fact that these attractions are nowhere near Auto City 76 and not on the way from San Rafael to these destinations.[12] Under these circumstances, the Court finds that it was not reasonable within the meaning of the CRAS for Mr. Yates to repeatedly travel significant distances (twenty plus miles) and incur non-negligible costs (such as bridge tolls) simply to purchase discounted gasoline and receive a "good" car wash. Consequently, this Court will limit Mr. Yates' recoverable damages at trial to those incurred (if any) during his first visit to Auto City 76.

///
///
///
///
///
///

---

[10] The Court takes judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," such as the distance between two points. *See* Federal Rule of Evidence 201(b)(2).

[11] The Court takes judicial notice of this fact because it is "generally known within the trial court's territorial jurisdiction" and because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(b)(1)-(2); *see also* http://goldengatebridge.org/tolls_traffic/toll_rates.php; http://goldengatebridge.org/research/GGBTraffToll.php#Increase2008, last accessed October 22, 2014. The Court notes that if Mr. Yates did not cross the Golden Gate Bridge to reach San Francisco, he would instead need to cross the Bay Bridge, which also charges tolls and taken a route through the Richmond - San Rafael Bridge and the Highways 580 and 80 – a much longer route than over the Golden Gate Bridge.

[12] For instance, the DeYoung Museum is located 3.7 miles from Auto City 76, in a direction of travel that would take Mr. Yates away from the Golden Gate Bridge and Marin County, where he resides. *See* http://tinyurl.com/pwdsye9, last accessed October 22, 2014.

### III. CONCLUSION

Defendants' Motion for Partial Summary Judgment is **GRANTED.** Mr. Yates cannot recover damages for any visits beyond the first visit to Auto City 76.

This order disposes of Docket No. 86.

IT IS SO ORDERED.

Dated: November 3, 2014

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

9