UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>        Plaintiff,<br><br>    v.<br><br>AUTO CITY 76, *et al.*,<br><br>        Defendants._____/ | No. C-10-3932 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Docket No. 101)** |

On November 5, 2014, this Court issued an order granting Defendants' motion for partial summary judgment.[1] *Yates v. Auto City 76*, C-10-3932 EMC, 2014 WL 5767506 (N.D. Cal. Nov. 5, 2014). The Court concluded that Plaintiff Craig Yates "cannot recover damages for any visits beyond the first visit to Auto City 76" because Yates failed to mitigate his damages as required under California law. *Id.* at *5. Specifically, this Court determined that "Mr. Yates' proffered explanation for his numerous repeat visits to Auto City 76," namely to purchase cheap gas and obtain a good carwash, "is not a 'reasonable explanation' [for those return visits] as a matter of law." *Id.* at *4 (quoting Section 25 of Stats. 2012, c. 383 (S.B. 1186)).

On November 17, 2014, Yates filed a motion for reconsideration. Docket No. 101 (Motion for Reconsideration). Although Yates raises four separate "issues" that this Court purportedly failed

---

[1] Defendants are Auto City 76, R.A.T. Oil, Inc., and Canadian American Oil Co.

to consider in reaching its earlier summary judgment ruling, only one needs to be addressed here:[2] the Court did not separately analyze Yates' claim that, in addition to Auto City 76's excellent gas prices and quality car wash, Yates was also motivated to repeatedly return to Auto City 76 to "determine whether Auto City 76 did in fact remediate the architectural barriers [Yates had previously] complained of." *Id.* at 2.

As an initial matter, this Court notes that Yates likely failed to preserve this argument in his four-page opposition to Defendants' summary judgment motion; it was not clearly asserted, having been mentioned only fleetingly. *See* Docket No. 89 at 3 (Opposition to Summary Judgment) ("During later visits to the service station, Plaintiff testified that he was also motivated by his desire to see whether progress was been [sic] made on the removal of barriers at the service station. However, this purpose was never Plaintiff's sole reason for visiting the service station, and the availability of reasonably priced, inexpensive gasoline was the recurring cause of Plaintiff's repeated visits."). Moreover, Yates' attorney failed to appear at the summary judgment hearing where he could have developed this argument for the Court.[3] Nevertheless, the Court hereby **GRANTS** the motion for reconsideration. For the reasons explained below, the Court remains convinced that Yates failed to reasonably mitigate his damages as a matter of law, and thus declines to change its summary judgment ruling.

As this Court has already explained in its earlier ruling, "the key inquiry regarding mitigation of damages is whether the plaintiff has a 'reasonable explanation for the repeated conduct.'" *Yates*, 2014 WL 5767506 at *3 (quoting Section 25 of Stats. 2012, c. 383 (S.B. 1186)). In his motion for reconsideration, Yates argues that his desire to determine whether Auto City 76 had removed architectural barriers to access that he had previously identified to Defendants provides an additional

---

[2] The Court does not address Yates' "Issue #1" because it is largely unintelligible, and to the extent the Court understands the argument, it finds it is without merit. "Issue #3" is not separately addressed because it is entirely duplicative of "Issue #2," which this Order addresses on the merits. The Court does not separately address "Issues # 4 and #5" because the Court already considered and rejected these arguments in granting partial summary judgment in its earlier Order.

[3] As noted in the Court's summary judgment order, this is not the first time Mr. Frankovich failed to attend a hearing in this case. *See Yates*, 2014 WL 5767506 at *1 n.1. Mr. Frankovich is advised that the Court does not look favorably upon attorneys who skip hearings, and then later file motions for reconsideration that raise arguments that could have been addressed at argument.

"reasonable explanation" for his more than 16 return visits to Auto City 76. Docket No. 101 at 2. It is not.

It was not necessary for Yates, a seriously disabled individual, to ***personally*** return to Auto City 76 (and thereby arguably subject himself to a number of known access barriers) in order to monitor Auto City 76's remediation efforts. Yates had any number of more reasonable ways to determine Auto City 76's "compliance." He could have sent Auto City 76 a letter requesting a status report and photographs of the remediation work. He could have sent his attorney, Mr. Frankovich, to determine if barriers were being removed. Or, Yates could have sent an "accessibility consultant" to Auto City 76 to determine whether repairs had been made.

Indeed, this last suggestion actually occurred to Yates, as the record contains a March 2012 letter and report from a firm called "Access Investigation Monitoring" that begins "[p]er your request a ***follow-up on site inspection was conducted*** by Access Investigation Monitoring on March 15, 2012 to determine what, if any remedial repairs still need to be complete[d]" at Auto City 76. *See* Docket No. 63 at 14-25 (letter and report from "Access Investigation Monitoring" to Mr. Frankovich) (emphasis added). The March 2012 letter goes on to allude to at least two previous inspections conducted by Yates' accessibility consultants regarding alleged accessibility barriers at Auto City 76. *Id.* at 14.

Yates now claims that he personally needed to monitor Auto City 76's remediation work, but this assertion is completely belied by the evidence that Yates was already sending professional consultants to do such monitoring. In any event, and even if he wanted to visit this site to monitor it, that would be a purpose unrelated to a desire to visit in order to actually use the facilities. It is questionable whether Yates would be entitled to damages for visits designed solely to monitor Auto City 76's remediation efforts. Statutory damages are available under California's Unruh Civil Rights Act where a disabled person is denied "full and equal accommodations, advantages, facilities, privileges, or services in [a] business establishment[]." *See* Cal Civ. Code § 51(b). If Yates had no intent to actually use a facility or enjoy an accomodation, and instead merely wanted to inspect such a facility for possible law violations, it is unclear whether he was denied "full and equal accommodations" or "services." In any event, in light of all the alternative ways Yates could have

monitored compliance without the need to go back to Auto City 76 on 16 occasions, the Court will not allow Yates to recover statutory damages for these visits. Yates' "monitoring" claim is not a "reasonable explanation" for his conduct. Yates did not fulfill his duty to mitigate his damages once he learned of architectural barriers to access at Auto City 76. *See Yates*, 2014 WL 5767506 at *2 (discussing the obligation under California Civil Code Section 55.56 to mitigate damages).

The Court grants Yates' motion for reconsideration. On reconsideration, the Court concludes that partial summary judgment was properly granted in favor of Defendants.

This order disposes of Docket No. 101.

IT IS SO ORDERED.

Dated: November 25, 2014

_____
EDWARD M. CHEN
United States District Judge

4